IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1995 SESSION



**FILED**

**February 1, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 01-C-01-9505-CC-00139 |
| | ) | |
| | ) | Hickman County |
| v. | ) | |
| | ) | Cornelia A. Clark, Judge |
| | ) | |
| | ) | (Pretrial Diversion) |
| NATHAN DANIEL BAIOCCO, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Michael J. Flanagan
Attorney at Law
95 White Bridge Rd., Suite 208
Nashville, TN 37205
(Argued)

Dale M. Quillen
Attorney at Law
95 White Bridge Rd., Suite 208
Nashville, TN 37205
(On Brief)

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN 37243-0485

William D. Bridgers
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0485

Joseph D. Baugh
District Attorney General
P.O. 937
Franklin, TN 37065

Ronald L. Davis
Assistant District Attorney General
District Attorney General
P.O. 937
Franklin, TN 37065

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

This Court granted the appellant's Rule 9 interlocutory appeal to determine whether the trial court abused its discretion in denying the appellant's petition for the writ of certiorari to review the district attorney general's denial of pretrial diversion. The appellant contends that the trial court abused its discretion. The state contends that the trial court properly affirmed the district attorney general's decision to deny pretrial diversion. Since this Court finds that the trial court did not abuse its discretion, the judgment of the trial court is affirmed.

On November 7, 1994, the Hickman County Grand Jury returned a two count presentment against the appellant, Nathan Daniel Baiocco, and a co-defendant, Jason James Matthews. The first count charged Baiocco and Matthews with the possession of a controlled substance, marijuana, with the intent to manufacture, sell, or deliver. The second count charged Baiocco and Matthews with possession of drug paraphernalia. The circumstances which form the basis of the presentment are relatively brief and straightforward.

On the 22nd day of July, 1994, Baiocco and Matthews were travelling along Highway 100 in Hickman County. Baiocco was driving his automobile. Eventually, they came to a police roadblock. The officers asked Baiocco and Matthews if there were any drugs in their vehicle. They both answered in the negative. When the officers searched the vehicle, a glass tube, which is used to smoke marijuana, was found in the glove compartment, and three bags of marijuana were found in the trunk of the vehicle. The marijuana apparently had a gross weight of eighty-seven grams.

Baiocco is twenty years of age and single. He lives with his parents in Wayne County. He graduated from Wayne County High School with a grade point average of 88.1. He is a machinist apprentice with a tool and gauge company in Waynesboro.

The appellant admitted in his application that he was convicted of malicious mischief when he was a senior in high school. In the application, he was asked: "Have you ever committed an offense (other than minor traffic offense) for which you were not charged. If so, state circumstances." The appellant answered "no" to the question. Later, the

1

appellant was asked: "Have you ever been involved in the use, purchase, possession or sale of marihuana, a drug, and/or a chemical, except "over the counter" medications, or as prescribed by a licensed physician?" The appellant answered in the following manner: "Yes . . . I have smoked [marijuana] a few times. I have never done any other drugs or chemicals. I have never sold anything. I don't remember the dates on which I smoked marijuana: they were scattered and infrequent."

The district attorney general gave nine reasons why he denied Baiocco's application for pretrial diversion. These grounds may be summarized in the following manner:

a) The offense was committed for economic gain;

b) There is no ground or reason that tends to excuse or justify the offense;

c) Baiocco played a major role in the commission of the offense;

d) Baiocco was "obviously involved in selling/dealing drugs" based upon the quantity of marijuana and its packaging; and this was not "a spontaneous or impulsive offense;"

e) Baiocco failed to "offer any explanation of the origin of the drugs, ownership, his purpose for having them, etc." and did not "dispel the appearance that he is a drug dealer" in the application;

f) Drug dealers "on the whole [are] not usually amenable to correction by diversion, and rarely benefit from it;"

g) Baiocco failed "to be cooperative with authorities or give any indication that he has any remorse, that he recognizes the wrongfulness of his actions, or that he has any intent to cleanse himself of his illegal drug associations;"

h) Baiocco failed to cooperate after his arrest by providing information as to the origin of the marijuana; and

i) Deterrence because illicit drugs are a particular problem in Hickman County.

The appellant argues in this Court that the district attorney general should have considered other factors. However, the record does not reflect that these factors were brought to the attention of the district attorney general or the trial court. Moreover, the trial court is bound by the record formulated during the application/decision-making process. Certainly, this Court cannot consider factors that were not brought to the attention of the

2

district attorney general or the trial court.

The trial court reiterated the grounds raised by the district attorney general. The court then concluded that "having found that the district attorney has stated reasons that do appear to be accurate, I cannot find that there's been an abuse of discretion in this case. . . . So the petition for writ of cert[.] on the denial of pretrial diversion is denied."

When the accused appeals from an interlocutory order affirming the decision of the district attorney general not to divert the accused, the findings of fact made by the trial court are binding upon this Court; and this Court cannot reverse the judgment of the trial court absent a showing that the evidence contained in the record preponderates against the trial court's judgment denying the petition for the writ of certiorari. State v. Perry, 882 S.W.2d 357, 359 (Tenn. Crim. App.), per. app. denied (Tenn. 1994).

In this case, neither party presented evidence in the trial court. The matter was heard upon the record considered by the trial court, namely, the application filed by the appellant and the response filed by the district attorney general. See State v. Winsett, 882 S.W.2d 806 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994).

It has long been established that the decision of the district attorney general granting or denying diversion is "presumptively correct;" and the district attorney general's decision should not be set aside by this Court unless the face of the record establishes a "patent or gross abuse of prosecutorial discretion." Pace v. State, 566 S.W.2d 861, 870 (Tenn. 1978) (cited with approval in State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983) and Perry, 882 S.W.2d at 360). In short, this Court cannot set aside the judgment of the trial court unless the record is void of substantial evidence to support it. Hammersley, 650 S.W.2d at 356; Perry, 882 S.W.2d at 360.

The reasons for denying diversion are stated in detail in the district attorney general's letter to defense counsel. The reasons are adequate to support the decision of the trial court. It should be noted that counsel did not dispute any of these grounds during the decision-making process.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

3

_____
JOHN H. PEAY, JUDGE


_____
JOE H. WALKER, III, SPECIAL JUDGE

4